UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL NILES,

                                    Petitioner,

                    -against-

DISTRICT ATTORNEY ALVIN BRAGG, *et al.*,

                                    Respondents.

23-CV-9186 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner Paul Niles, who is proceeding *pro se* and currently incarcerated at the Central New York Psychiatric Center, has filed an application seeking the appointment of *habeas corpus* counsel, which he titles: "Affidavit in support of petitioner requesting appointment of counsel under forma pauperis status purs. to Title 18 § 3006(A)(2)(B) purs. to seeking relief under Title 28 U.S.C. § 2254." (ECF 1, at 1.) In the application, he notes that he seeks to challenge his October 10, 2017 judgment of conviction, entered in the New York Supreme Court, New York County.

By order dated December 11, 2023, the Court granted Petitioner's request to proceed *in forma pauperis* ("IFP").[1] For the following reasons, the Court (1) designates Petitioner's submission as a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254; (2) grants Petitioner 60 days' leave to complete and file the attached Section 2254 form; (3) directs the Clerk of Court to dismiss from this action the named Respondents and add as the sole Respondent, the "Executive Director, Central New York Psychiatric Center," under Rule 2(a) of

---

[1] Petitioner did not submit an IFP application with his application for the appointment of counsel. On November 14, 2023, the Court directed Petitioner to submit an IFP application or pay the filing fee. On December 6, 2023, the Court received Petitioner's IFP application.

the Rules Governing Section 2254 Cases; and (4) denies Petitioner's request for the appointment of *habeas corpus* counsel, without prejudice to renewal at a later stage.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a Section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe pro se pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Paul Niles seeks *habeas corpus* counsel to represent him in his Section 2254 proceedings. In his application, he indicates that he intends to assert several grounds, including challenges to both DNA evidence and testimony, prosecutorial misconduct, and ineffective assistance of counsel. He also indicates that he perfected his appeal, *see People v. Niles*, 200 A.D.3d 542 (2021), *leave to appeal denied*, 38 N.Y.3d 1189 (2022), and filed a motion to vacate

his judgment under New York Criminal Procedure Law § 440.10, which was denied "November 2022."[2] (ECF 1, at 1.)

Petitioner's application for counsel was notarized on October 11, 2023, and the Clerk's Office received it on October 16, 2023.

## DISCUSSION

### A.    Designation of Application as Section 2254 Petition

Petitioner's application is construed as a petition for a writ of *habeas corpus* under Section 2254 because Petitioner seeks to challenge "the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under Section 2254, he must notify the Court in writing within 60 days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); *Cook v. New York State Div. of Parole*, 321 F. 3d 274, 282 (2d Cir. 2003). If Petitioner allows this action to proceed as a Section 2254 proceeding, this petition will be his one opportunity to challenge his conviction. If Petitioner does not inform the Court of his intent within sixty days, the application shall remain designated as a petition under Section 2254.

### B.    Leave to File an Amended Petition

Petitioner submitted an application for counsel in which he describes the grounds he intends to assert in a Section 2254 petition. The Court grants him leave to amend this submission so that it complies with Rule 2 of the Rules Governing Section 2254 Cases and so that he may describe in detail his exhaustion of his state court remedies.

---

[2] The Court of Appeals denied Petitioner leave to appeal on November 29, 2022. *Niles*, 28 N.Y.3d at 1189. Petitioner states that he filed a Section 440.10 motion, and that it was denied, but he does not state whether he appealed that denial to the New York State Supreme Court, Appellate Division.

### 1.    Rule 2 of the Rules Governing Section 2254 Cases

A petitioner challenging his state court conviction must submit a petition that conforms to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must notify both the Court and the respondent of the grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Petitioner's submission does not specify all his grounds or the supporting facts for most his grounds. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that it does not identify the constitutional basis for the petition. The Court therefore grants Petitioner 60 days' leave to complete the attached form and include each ground he intends to raise and the supporting facts for each ground. Petitioner is advised that an amended petition completely replaces the original petition.

### 2.    Exhaustion of State Court Remedies

Before filing a petition for a writ of *habeas corpus* under Section 2254, a petitioner must exhaust his state court remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with a petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Petitioner's application and court records indicate that Petitioner perfected his direct appeal by appealing his conviction to the New York State Supreme Court, Appellate Division and seeking leave to appeal from the Court of Appeals. Thus, should Petitioner seek to raise the grounds raised in his direct appeal, it appears that he has exhausted those grounds. It is not clear, however, whether Petitioner exhausted the grounds raised in his Section 440.10 motion because he does not state whether he sought leave to appeal the denial of his motion from the Appellate Division. Accordingly, should Petitioner seek to raise the grounds raised in his Section 440.10 motion, he must describe each step he has taken to exhaust those grounds.

**C.      Proper Respondent in Section 2254 Petition**

Rule 2 of the Rules Governing Section 2254 Cases states: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Petitioner currently is incarcerated at Central New York Psychiatric Center ("CNYPC"), pursuant to his October 10, 2017 conviction.[3] Thus, the Executive Director of CNYPC is the proper respondent for this *habeas corpus* proceeding, and the Court directs the Clerk of Court to add the Director to this action as the Respondent. The Court also directs the Clerk of Court to dismiss the currently named Respondents.

**D.      Application for Habeas Corpus Counsel**

Petitioner has moved for the appointment of counsel pursuant to 18 U.S.C § 3006A. A court has discretion under the Criminal Justice Act ("CJA") to appoint counsel for any person seeking relief under Section 2254 "[w]henever . . . the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case,

---

[3] The Court assumes for the purposes of this order that Petitioner is in custody pursuant to his state court conviction, even though he currently is incarcerated at a psychiatric center.

Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of Petitioner's Section 2254 petition, his application for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

Petitioner is hereby notified that the Court finds that this application, notwithstanding its designation, should be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. If Petitioner does not want to pursue relief under Section 2254, he may notify the Court in writing within 60 days that he wishes to withdraw the application. If Petitioner does not inform the Court of his intent within 60 days, the application shall remain designated as a petition under Section 2254.

The Court grants Plaintiff leave to file an amended petition. The amended petition must be submitted to the Clerk's Office within 60 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order, which Petitioner should complete as specified above. Once submitted, the amended petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied.

No answer shall be required at this time.

The Court directs the Clerk of Court to dismiss from this action the named Respondents and, under Rule 2(a) of the Rules Governing Section 2254 Cases, add as the sole Respondent, the "Executive Director, Central New York Psychiatric Center."

The Court denies Petitioner's request for the appointment of *habeas corpus* counsel, without prejudice to renewal at a later stage.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     January 8, 2024
               New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

AO 241
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.  You are asking for relief from the conviction or the sentence.  This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.  If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions.  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5.  If the fee is paid, your petition will be filed.  If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person).  To do that, you must fill out the last page of this form.  Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.  If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court.  If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge.  And you must state the facts that support each ground.  If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                              Page 2
(Rev. 06/13)                                      **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:



        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?     ❏   Yes        ❏   No

5.      Identify all crimes of which you were convicted and sentenced in this case:







6.      (a) What was your plea? (Check one)

                        ❏   (1)      Not guilty        ❏   (3)      Nolo contendere (no contest)

                        ❏   (2)      Guilty            ❏   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❐ Jury     ❐ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❐ Yes     ❐ No

8.      Did you appeal from the judgment of conviction?

❐ Yes     ❐ No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ❐ Yes     ❐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?          ❏  Yes          ❏  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ❏  Yes          ❏  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❏ Yes    ❏ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏ Yes     ❏ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ❏ Yes      ❏ No

(2) Second petition:    ❏ Yes      ❏ No

(3) Third petition:      ❏ Yes      ❏ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241                                                                                                              Page 7
(Rev. 06/13)

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏   Yes     ❏   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏   Yes     ❏   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                         ❏   Yes     ❏   No

(4) Did you appeal from the denial of your motion or petition?                    ❏   Yes     ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes   ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes          ❒   No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes          ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?          ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

        have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❐   Yes        ❐   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐   Yes        ❐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:


(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13.    Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ❏  Yes        ❏  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?        ❏    Yes        ❏  No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?        ❏    Yes        ❏  No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

AO 241
(Rev. 06/13)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          ❒  Yes     ❒   No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?          ❒  Yes     ❒   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*


Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration
of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of
the Constitution or laws of the United States is removed, if the applicant was prevented from
filing by such state action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court,
if the right has been newly recognized by the Supreme Court and made retroactively applicable to
cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print  Save As...  Reset