```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
PAUL NILES,                                                    :
                                                               :
                        Petitioner,                            :     ORDER
                                                               :
                -v.-                                           :     23 Civ. 9186 (RA)(GWG)
                                                               :
DANIELLE DILL                                                  :
                                                               :
                        Respondent.                            :
                                                               :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

The sixth count of Niles' pro se habeas petition, see Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, dated March 7, 2024 (Docket # 20) ("Pet."), alleges that

> Petitioner was deprived of right to an speedy trial & effective counsel(s) (failing to investigate/review and inspect with their client to prepare a defense for trial and impeach the people evid. Which the petitioner has presented to trial and app. Ct(s) and now this Court. See, [Exhibition(s) [2],[A]-[e]]

Pet. at 8. The Court construes this count to incorporate by reference the ineffective assistance of counsel claims made in Niles' counseled and uncounseled appellate briefs. See Defendant-Appellant's Brief to the Supreme Court of the State of New York Appellate Division: First Department, filed February 2021 (Docket # 22-1) ("Pet. Direct Appeal"); Defendant-Appellant Supplemental Brief to the Supreme Court of the State of New York Appellate Division: First Department, filed September 7, 2021 (Docket # 22-2) ("Pet. Supp. Direct Appeal"). Thus, the Court construes Niles' sixth count of the present petition to incorporate following ineffective assistance of counsel arguments: (1) trial counsel failed to challenge M.L.'s identification, Pet. Direct Appeal at 24; (2) trial counsel should have asked for a "cross-racial identification charge," Pet. Direct Appeal at 25; (3) trial counsel failed to adequately cross examine "the OCME analyst," Pet. Direct Appeal at 27; (4) trial counsel gave an ineffective summation, Pet. Direct Appeal at 31; (5) trial counsel failed to "inspect evidence or review & disclose evidence to Mr. Niles," Pet. Supp. Direct Appeal at 26, (6) trial counsel failed to object to DNA evidence, Pet. Supp. Direct Appeal at 27, (7) trial counsel failed to request a "Frye or Daubert hearing," Pet. Supp. Direct Appeal at 27, (8) trial counsel failed to "attack the [P]eople[']s failure to disclose a[] sworn affidavit in support of [DNA] search warrant to demonstrate that [there] was probable cause," Pet. Supp. Direct Appeal at 28, and (9) appellate counsel failed to "rais[e] issues . . . that [have] been raised in [his] supplemental brief." Pet. Supp. Direct Appeal at 28.

In addition to these ineffective assistance of counsel claims, Niles' reference to his "right to a[] speedy trial," Pet. at 8, is construed as alleging a substantive violation of his Sixth Amendment speedy trial rights (as incorporated by the Fourteenth Amendment).

The respondent has addressed only a few of these claims and only in a cursory fashion. See Memorandum of Law in Opposition to a Petition for a Writ of Habeas Corpus, at 40-45, filed July 5, 2024 (Docket # 23).[1]  In light of the lack of clarity in the petition as to the claims being raised, the Court will afford the respondent an opportunity to address these claims in full. Accordingly, the respondent is directed to file a supplemental brief addressing each of these ten claims on or before October 30, 2024.  Petitioner may respond on or before November 20, 2024.

SO ORDERED.

Dated: October 9, 2024
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

---

[1] The Court notes that respondent seems to have recognized that petitioner was making a speedy trial claim, see Opp. at 24, but does not appear to have addressed the claim anywhere in her brief.