UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
PAUL NILES,                                                       :
                                                                  :
                     Petitioner,                         :       23-CV-9186 (JAV) (GWG)
                                                                  :
                -v-                                    :       OPINION AND ORDER
                                                                  :
DISTRICT ATTORNEY ALVIN BRAGG, et al.,                            :
                                                                  :
                                                                  :
                     Respondents.                        :
                                                                  :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Paul Niles ("Petitioner") was convicted, following a jury trial, of rape in the first degree, robbery in the second degree, and strangulation in the second degree, for which he received a determinate sentence of 40 years incarceration and 25 years of post-release supervision. Petitioner now seeks to challenge the judgment of the New York state court pursuant to 28 U.S.C. § 2254.

      Before the Court is the May 21, 2025 Report and Recommendation (the "Report" or "R&R") issued by Magistrate Judge Gabriel W. Gorenstein recommending that the petition for *habeas corpus* be denied. *See* ECF No. 54. Petitioner filed Objections to the R&R. ECF No. 57 ("Obj."). Familiarity with the factual background and relevant procedural history of this case as set out in the R&R is assumed. *See generally* R&R at 2-11.

After reviewing the R&R, the objections, and the underlying record, the Court overrules the Objections and ADOPTS the thorough and well-reasoned Report and Recommendation.

## STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citations omitted). The district court reviews *de novo* the portions of the R&R to which the party "properly objected." Fed. R. Civ. P. 72(b)(3). For the portions of the R&R to which no objection is made, the district court need only review for clear error. *See Fischer v. Forrest*, 286 F. Supp. 3d 590, 600 (S.D.N.Y. 2018), *aff'd*, 968 F.3d 216 (2d Cir. 2020).

Conclusory or general objections that do not point to specific factual or legal errors in the Report and Recommendation are not proper objections within the meaning of Rule 72(b), and thus are reviewed only for clear error. *Trivedi v. N.Y.S. Unified Ct. Sys. Off. of Ct. Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011), *aff'd sub nom. Seck v. Off. of Ct. Admin.*, 582 F. App'x 47 (2d Cir. 2014) ("Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). Because of the leniency afforded to *pro se* litigants, the objections of *pro se* parties are "construed to raise the strongest arguments that they suggest."

*Machicote v. Ercole*, No. 06 CIV. 13320 (DAB)(JCF), 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Howell v. Port Chester Police Station*, No. 09-CV-1651(CS)(LMS), 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010).

## DISCUSSION

I.   **28 U.S.C. § 2254**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may only grant an application for a writ of *habeas corpus* on behalf of a person in state custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If the state court has adjudicated the claims on the merits, then "an additional restriction applies." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In that scenario, a petitioner is entitled to habeas corpus relief only if he can show that the state court either (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, or (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in the Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at

3

a result different from its precedent." *Lewis v. Connecticut Comm'r of Correction*, 790 F.3d 109, 121 (2d Cir. 2015) (cleaned up). "A state court decision involves an unreasonable application of Supreme Court precedent if it identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the particular facts of a prisoner's case." *Overton v. Newton*, 295 F.3d 270, 275 (2d Cir. 2002) (cleaned up). "[T]he state court's application must be objectively unreasonable, which requires some increment of incorrectness beyond error." *Jackson v. Conway*, 763 F.3d 115, 135 (2d Cir. 2014) (cleaned up).

"A state court decision is based on a clearly erroneous factual determination if the state court failed to weigh all of the relevant evidence before making its factual findings." *Lewis*, 790 F.3d at 121 (cleaned up). "A determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1).

## II. Petitioner Is Not Entitled to Relief under Section 2254

The objections submitted by the Petitioner are largely general and conclusory, often failing to point to any purported errors of law or fact in the Report and Recommendation and simply asserting Petitioner's entitlement to relief. In light of Petitioner's *pro se* status, the Court nonetheless has conducted a *de novo* review of the issues raised in the objections. For the reasons set forth in the comprehensive Report and Recommendation, the Petition is denied.

### A. Fourth Amendment Claims

In his Petition, Niles argued that the police lacked probable cause for his arrest. ECF No. 20 ("Petition") at 5. Magistrate Judge Gorenstein relied upon *Stone v. Powell*, 428 U.S. 465 (1976), in concluding that any claims related to Fourth Amendment violations were not cognizable on *habeas* review. R&R at 17-20. As set forth in the Report and Recommendation, "Fourth Amendment claims are not reviewable by the federal courts when raised in a petition brought under § 2254 unless the state prisoner shows that he or she has not had a full and fair opportunity to litigate that claim in the state court. Consequently, once it is established that a petitioner has had an opportunity to litigate his or her Fourth Amendment claim (whether or not he or she took advantage of the state's procedure), the court's denial of the claim is a conclusive determination that the claim will never present a valid basis for federal habeas relief." *Graham v. Costello*, 299 F.3d 129, 133-34 (2d Cir. 2002) (citations omitted). The R&R demonstrated that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the course of criminal proceedings. R&R at 18-19. Indeed, the record reflects that Petitioner availed himself of those corrective procedures before the state court and was afforded an evidentiary hearing on his Fourth Amendment claims, but the Judge denied his motion for relief. *Id.*

Petitioner does not engage with the R&R's reasoning in his objections. Obj. at 5-7. Instead, he merely reiterates his substantive arguments regarding the merits of his Fourth Amendment claims. *Id.* But as the Report and Recommendation correctly held, a petitioner's disagreement with a state court's

5

Fourth Amendment decision is not a basis upon which to grant *habeas* relief. *See Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992); *see also Thomas v. Royce*, No. 1:19-CV-6781 (MKV), 2023 WL 2712536, at *3 (S.D.N.Y. Mar. 30, 2023). The Court therefore agrees that Petitioner's Fourth Amendment claims are not cognizable.

### B. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is analyzed under the framework established in *Strickland v. Washington*, 466 U.S. 668 (1984). The Sixth Amendment is violated where counsel's representation falls below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Id.* at 694. In applying this test, the Court accords a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. On *habeas* review, the Court's consideration is "doubly deferential," taking a highly deferential look at counsel's performance under the *Strickland* standard, through the "deferential lens of § 2254(d)." *Cullen*, 563 U.S. at 190.

In his Objection, Petitioner reiterates his arguments that counsel was ineffective for failure to properly challenge the identification testimony and the testimony of the DNA analyst who testified at trial. Obj. at 3-5. In particular, defense counsel cross-examined the victim with respect to her identification of Petitioner, ECF No. 24-2 at 161-65, and raised this identification evidence in summation. *See* ECF No. 24-2 at 260-64. The R&R therefore properly rejected

6

Petitioner's arguments, finding that defense counsel's strategic decisions at trial did not fall below an objective standard of reasonableness. R&R at 28-38. More fundamentally, in light of the strength of the evidence against him, including the DNA evidence linking Petitioner to the rape, Petitioner cannot demonstrate that there is a reasonable probability that the outcome of the trial would have been different.

Petitioner cites *Harris v. Senkowski*, 298 F. Supp. 2d 320 (E.D.N.Y. 2004), as support for his argument that defense counsel's failure to impeach the victim with her prior description of her attacker constituted ineffective assistance of counsel. Obj. at 6. *Harris* is distinguishable in a number of respects. In *Harris*, the district court held that defense counsel's failure to elicit any testimony regarding the victim's prior inconsistent description of the perpetrator of a robbery constituted ineffective assistance of counsel. *Id.* at 336-39. Here, however, the victim's initial description of her attacker was introduced through the responding police officer. ECF 24-2 at 42. The decision not to impeach the victim on this point, but to instead reserve the argument for summation, falls squarely within the range of permissible trial strategies. Additionally, in *Harris*, the prosecution's case "rose or fell" on the reliability of the witness identification. 298 F. Supp. 2d at 341. In the instant case, the identification evidence merely corroborated the DNA evidence.

### C. Speedy Trial Claim

Petitioner also takes issue with the Report and Recommendation's rejection of his claim for violation of his right to a speedy trial. R&R at 38-39. Petitioner argues that the Magistrate Judge erred in considering whether any prejudice resulted from the 21-month lapse of time between his indictment and trial, and that he is automatically entitled to *habeas* relief. Obj. at 7. Petitioner cannot be granted *habeas* relief on his Sixth Amendment speedy trial claim, however, as he failed to exhaust this claim during his state court proceedings. R&R at 38; *see also* 28 U.S.C. § 2254(b)(1)(A).

Moreover, the Court agrees that the record fails to establish a Sixth Amendment violation. "The speedy-trial right is amorphous, slippery, and necessarily relative." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (cleaned up). The Supreme Court has instructed that there is no set time period that violates the right to a speedy trial, but that instead courts must employ a balancing test that considers the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Id.* at 90. Even where a delay is so substantial as to be "presumptively prejudicial," these other three factors must be weighed to determine if there has been a constitutional violation. *United States v. Black*, 918 F.3d 243, 254 (2d Cir. 2019). Petitioner has made no showing of the reason for any delay, whether defendant asserted his rights to a speedy trial, or prejudice. Petitioner's speedy trial claim is therefore without merit.

## CONCLUSION

Having addressed Petitioner's objections, the Court has otherwise reviewed the record and the Report and Recommendation for clear error. Finding none, the Court hereby ORDERS that the Report and Recommendation is ADOPTED and the petition for a writ of *habeas corpus* is dismissed.

Because Petitioner "has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue." *Perez v. United States*, No. 04-CV-7148 (JSR), 2007 WL 685949, at *1 (S.D.N.Y. Jan. 29, 2007) (citing 28 U.S.C. § 2253). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 22, 2025
      New York, New York

                                            JEANNETTE A. VARGAS
                                            United States District Judge